UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Hunter Christian,<br><br>                Petitioner,<br><br>   v.<br><br>Jeffrey A Uttecht,<br><br>                Respondent. | CASE NO. 3:20-cv-05112-RJB-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: July 24, 2020 |

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner Hunter Christian filed his federal habeas Petition pursuant to 28 U.S.C. § 2254, seeking relief from his state court convictions and sentence. *See* Dkts. 1, 6. The Court concludes Petitioner failed to properly exhaust his state court remedies as to all grounds raised in the Petition; however, a state remedy remains available to Petitioner. Therefore, the Court recommends the Petition be dismissed without prejudice. The Court also recommends denying all pending Motions (Dkt. 7, 11, 16) as moot.

**BACKGROUND**

Petitioner is in custody under a state court judgment and sentence imposed for his conviction of second-degree possession of depictions of minors engaged in sexually explicit conduct. Dkt. 6; 15, Exhibit 1. Petitioner was sentenced in June 2019. *Id.* Petitioner did not appeal his judgment and sentence in state court. *Id.* Petitioner filed this Petition on February 9, 2020. Dkts. 1, 6.

Petitioner raises four grounds for relief all based on his claim he is unlawfully detained, and the State of Washington does not have jurisdictional authority to decide federal matters. Dkt. 6. On April 27, 2020, Respondent filed an Answer, wherein he asserts Petitioner has not properly exhausted his available state court remedies. Dkt. 14. Respondent maintains the Petition is unexhausted, but further contends the Court should deny the petition on the merits because Petitioner has failed to present a colorable federal claim. Dkt. 14. Petitioner did not file a traverse.

**DISCUSSION**

**I.      Exhaustion**

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Here, Petitioner challenges his 2019 judgment and sentence. Dkt. 6. He acknowledges in the Petition he has not filed a direct appeal and has not sought further review by a higher state

court. Dkt. 6. Because the state courts have not yet had a full and fair opportunity to consider the merits of Petitioner's claims, the claims are unexhausted and therefore ineligible for federal habeas review. *See Schwartzmiller v. Gardner*, 752 F.2d 1341, 1349 (9th Cir. 1984) ("The exhaustion of state remedies doctrine limits the issues a habeas corpus petitioner may raise in federal court to the 'same claims' that are 'fairly' presented to the highest state court.").

## II. Available State Remedies

Respondent concedes there is a state remedy available. Dkt. 14. If there is a state remedy available, Petitioner will need to return to the state level to exhaust his claims. *See Johnson v. Lewis*, 929 F.2d 460, 464 (9th Cir. 1991). "The appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for a hearing in the district court or court of appeals." *Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993).

Here, Petitioner has an available state remedy. Washington State imposes a one-year statute of limitations on the filing of a personal restraint petition or other post-conviction challenge. RCW § 10.73.090. In this case, Petitioner did not file a direct appeal, thus, his judgment became final for purposes of state law on June 24, 2019, the date it was filed with the clerk of the trial court. Dkt. 3; Dkt. 15, Exhibit 1; RCW § 10.73.090(3)(a). Petitioner has one year from the date the judgment became final to file a petition or motion for post-conviction relief in state court. *See* RCW § 10.73.090(1), (2), (3)(a).

Petitioner failed to properly exhaust his state remedies and state remedies remain available to him. Accordingly, the undersigned recommends the Petition be dismissed without prejudice. *See Hill v. Hill*, 2001 WL 34727917 (D. Or. June 29, 2001). Because the Court has determined the Petition is unexhausted and recommends dismissal without prejudice, the Court declines to address whether the Petition is procedurally defaulted or the merits of Petitioner's claims at this

time. Based on the foregoing, the Court also recommends denying all pending Motions as moot (Dkt. 7, 11, 16).

## EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to hold an evidentiary hearing in this case because, as discussed in this Report and Recommendation, the Petition may be resolved on the existing state court record.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

1  No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or
2  would conclude the issues presented in the Petition should proceed further. Therefore, the Court
3  concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

**CONCLUSION**

The Court recommends the Petition be dismissed without prejudice. Based on the foregoing, the Court also recommends denying all pending Motions as moot (Dkt. 7, 11, 16). No evidentiary hearing is necessary, and the Court recommends denying a certificate of appealability. Based on the foregoing, the Court also recommends Petitioner's *in forma pauperis* status be revoked in the event of an appeal.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on July 24, 2020 as noted in the caption.

Dated this 23rd day of June, 2020.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge